# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACK LEWIS, JR.,**

       **Plaintiff,**

**v.**                                               **Case No: 6:17-cv-356-Orl-37DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

      Jack Lewis, Jr. (Claimant) appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) failing to conduct a function-by-function analysis when determining his residual functional capacity (RFC); 2) assigning the one-time examining physician Dr. Alvin Barber's opinion little weight; 3) assigning non-examining physician Dr. James Patty's opinion significant weight; 4) finding his testimony concerning his pain and limitations not entirely credible; 5) finding his employment as a line cook and sexton constituted past relevant work; and 6) relying on the vocational expert's (VE) testimony in determining that he can perform his past relevant work and other work in the national economy. Doc. 23 at 6-17, 21-26. Claimant requests that the case be reversed and remanded for an award of benefits, or, in the alternative, further proceedings. *Id*. at 30. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED** for the reasons set forth below.

I.      **PROCEDURAL HISTORY.**

This case stems from Claimant's applications for disability insurance benefits and supplemental security income, in which he alleged a disability onset date of January 7, 2013. R. 179-89. Claimant's applications were denied on initial review, and on reconsideration. The matter then proceeded before the ALJ. The ALJ held a hearing on September 16, 2015, at which Claimant and his representative appeared. R. 40-51. The ALJ entered her decision on October 14, 2015, and the Appeals Council denied review on December 28, 2016. R. 1–3; 24-32. This appeal followed.

II.     **THE ALJ'S DECISION.**

The ALJ found that Claimant suffered from the following severe impairments: right leg injury; horizontal congenital astigma; transient ischemic attack; left ear ringing; and right hip bruised. R. 26. The ALJ determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 27. The ALJ found that Claimant had the RFC to perform a full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c),[1] with no further limitations. R 27. In light of this RFC, the ALJ found that Claimant could perform his past relevant work as a line cook and sexton. R. 30-31. Further, the ALJ determined that Claimant could perform other work in the national economy. R. 31-32. Thus, the ALJ concluded that Claimant was not disabled between January 7, 2013, through the date of her decision. R. 32.

---

[1] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

## III. STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. ANALYSIS.

### A. RFC.

Claimant argues that the ALJ failed to perform a function-by-function analysis. Doc. 23 at 6-7. The Commissioner argues that the ALJ performed a proper function-by-function analysis in determining Claimant's RFC. *Id*. at 7-8.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. "The RFC assessment must

first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before expressing the claimant's RFC in terms of exertional levels of work. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).[2] The ALJ must consider all of the claimant's medically determinable impairments, even those not designated as severe, when determining the claimant's RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

The ALJ noted that Claimant alleged that he was disabled due to his right leg injury, horizontal congenital astigma, transient ischemic attack, left ear ringing, and right hip bruise. R. 28, 52. Claimant argues that the ALJ did not perform a function-by-function analysis, but does not identify what impairment or alleged limitation the ALJ failed to consider at step four of the sequential evaluation process. *See* Doc. 23 at 6-7. The failure to identify any specific deficiencies in the ALJ's step four analysis undermines Claimant's argument. Further, the ALJ thoroughly considered the limited medical, opinion, and testimonial evidence concerning each of Claimant's impairments, and the effect those impairments have on his ability to perform work-related activities. R. 27-30. Thus, the undersigned finds that the ALJ performed a proper function-by-function analysis. *See* SSR 96-8p, 1996 WL 374184, at *1 (advising that the RFC assessment must consider all relevant evidence, including medical history, medical evaluations, daily activities, and lay evidence); *see also Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009) (finding that the ALJ performed a proper function-by-function analysis where the ALJ

---

[2] The Eleventh Circuit has stated "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference[.]" *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (citation omitted).

discussed the medical evidence supporting the RFC).³ Therefore, the undersigned **RECOMMENDS** that the Court reject Claimant's argument challenging the ALJ's function-by-function analysis.

**B. Medical Opinions.**

Claimant argues that the ALJ erred by assigning Dr. Barber's opinion little weight, and assigning Dr. Patty's opinion significant weight. Doc. 23 at 12-17. The Commissioner argues that the ALJ provided adequate reasons for assigning Dr. Barber's opinion little weight and Dr. Patty's opinion significant weight, and that the ALJ's determination with respect to both physicians is supported by substantial evidence. *Id*. at 18-21.

The consideration and weighing of medical opinions is an integral part in determining the claimant's RFC. The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

---

³ In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

The record contains the following evidence concerning Claimant's impairments, and resulting functional limitations: 1) emergency room records stemming from Claimant's bicycle accident in March 2013; 2) an examination report from Dr. Barber from June 2013; 3) an RFC assessment from Dr. Patty from July 2013; and 4) the Claimant's testimony. R. 40-51, 84-85, 287-96, 298-306. The ALJ considered the foregoing evidence, and assigned little weight to Dr. Barber's opinion and significant weight to Dr. Patty's opinion. R. 27-30.

**1. Dr. Barber.**

Claimant argues that the ALJ erred in assigning Dr. Barber's opinion little weight because "[t]here is no evidence from an examining physician contrary to Dr. Barber's opinion" and "the ALJ did not offer adequate reasons for discounting [Dr. Barber's] opinion[.]" Doc. 23 at 17. The Commissioner argues that the ALJ's decision to assign Dr. Barber's opinion little weight is supported by substantial evidence. *Id*. at 18-20.

Dr. Barber performed a one-time physical examination of Claimant three months following his bicycle accident. R. 298. Claimant reported weakness, fatigue, weight loss, blurred vision, memory loss, and chronic muscle and joint pain. R. 299. Dr. Barber noted that Claimant entered the examination room using crutches, had a cachectic appearance, and had difficulty getting on and off the exam table and moving from a sitting to standing position. R. 300.[4] Dr. Barber's examination revealed that Claimant had some right wrist and hip pain, 3/5 muscle strength in his right lower extremity, had difficulty walking without crutches, was unable to walk on his toes or heels, and could not squat. R. 300-302. Aside from these issues, Claimant's examination was unremarkable. *Id*. Dr. Barber opined that Claimant cannot walk or stand for "long periods of

---

[4] Dr. Barber also noted that Claimant had been using crutches since his bicycle accident. R. 306.

time" and can sit for "reasonable periods of time,"[5] requires an assistive device to ambulate, has difficulty going from a sitting to standing position, and cannot kneel or squat. R. 303.

The ALJ considered Dr. Barber's examination report and opinions concerning Claimant's functional limitations, and assigned Dr. Barber's opinion little weight because there was no evidence that Claimant would: 1) need to use crutches on an ongoing basis; and 2) not make a full recovery within a twelve month period. R. 29.

The ALJ provided sufficient reasons to assign Dr. Barber's opinion little weight. An examining physician's opinion is generally not entitled to any deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Thus, the ALJ was not required to assign any particular weight, such as controlling or substantial weight, to Dr. Barber's opinion. Claimant nevertheless argues that the ALJ should have assigned greater weight to Dr. Barber's opinion, but fails to explain why the ALJ should have done so, and also fails to provide any specific arguments why the ALJ's reasons for assigning Dr. Barber's opinion little weight are insufficient to support that finding. *See* Doc. 23 at 12-17. It is axiomatic that the claimant bears the burden of demonstrating that he or she is disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ essentially found that Claimant failed to meet that burden because the record, aside from Dr. Barber's opinion, which occurred shortly after Claimant's bicycle accident, does not demonstrate that the limitations Dr. Barber observed would have lasted more than 12 months. This finding is supported by substantial evidence, namely Dr. Patty's opinion and Claimant's testimony, which seemingly reveals that Claimant recovered to a point where he can ride a bicycle, he can perform chores around his residence, he believes that he could perform his past work as a sexton if the position

---

[5] Dr. Barber did not define "longer periods of time" or "reasonable periods of time." *See* R. 303.

were still available, and he has an ongoing search for work. R. 42-46.[6] The foregoing is, as the ALJ found, inconsistent with Dr. Barber's opinion. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (the more consistent a physician's opinion is with the record as a whole, the more weight an ALJ can place on that opinion). Therefore, the undersigned finds that the ALJ provided sufficient reasons to assign Dr. Barber's opinion little weight, and that the ALJ's reasons are supported by substantial evidence.

### 2. Dr. Patty.

Claimant argues that the ALJ erred by assigning Dr. Patty's opinion significant weight "when there [was] contrary evidence from an examining physician[.]" Doc. 23 at 17. The Commissioner argues that the ALJ's decision to assign Dr. Patty's opinion significant weight is supported by substantial evidence. *Id*. at 20.

Dr. Patty reviewed the medical record, including Dr. Barber's opinion, and found there is nothing in the medical record "to suggest that the claimant will not make a full recovery before the durational period ends." R. 84-85. Dr. Patty opined that Claimant: could frequently lift 25 pounds and occasionally lift 50 pounds; could sit for six hours in an eight-hour workday; could stand/walk for six hours in an eight-hour workday; and had no postural, manipulative, visual, communicative, or environmental limitations. *Id*. The ALJ considered Dr. Patty's opinion and assigned it significant weight. R. 29.

The opinion of a non-examining physician is generally entitled to little weight and, "taken alone, do[es] not constitute substantial evidence." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th

---

[6] The ALJ also appears to have relied on Claimant's lack of treatment following Dr. Barber's examination. *See* R. 29-30. This evidence tends to support the ALJ's determination with respect to Dr. Barber's opinion, but does not appear to be the primary reason the ALJ assigned little weight to Dr. Barber's opinion. *See id.*; *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267-68 (11th Cir. 2015).

Cir. 1985). The ALJ, however, may rely on a non-examining physician's opinion where it is consistent with the medical and opinion evidence. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *see also Crawford*, 363 F.3d 1155, 1160 (11th Cir. 2004) (finding that the ALJ did not err by relying on a consulting physician's opinion where it was consistent with the medical evidence and findings of the examining physician).

The ALJ does not expressly state why she assigned significant weight to Dr. Patty's opinion, but the undersigned is not convinced that the failure to do so requires reversal. Dr. Patty considered the limited medical records stemming from Claimant's bicycle accident, as well as Dr. Barber's examination report, and essentially found that Claimant is capable of performing a full range of medium work. R. 84-85. This opinion appears to be consistent with the medical records stemming from Claimant's bicycle accident, which do not contain any evidence of major injury, and, instead, include a diagnosis of leg pain and notations that Claimant could ambulate well on his own. Further, Dr. Patty's observation that there is nothing in the medical record to suggest Claimant would not make a full recovery is supported by the lack of any follow-up treatment, as well as Claimant's testimony concerning his activities of daily living and ongoing search for employment. Thus, the undersigned finds Dr. Patty's opinion is consistent with much of the evidence of record, and, therefore, the ALJ's decision to assign Dr. Patty's decision significant weight is supported by substantial evidence. Further, the ALJ did not rely solely on Dr. Patty's opinion in reaching her RFC determination, but, instead, relied on other evidence. Thus, to the extent the ALJ did commit any error with respect to Dr. Patty, the undersigned finds that such error would be harmless since there is other substantial evidence that supports the ALJ's RFC determination.

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's arguments challenging the weight assigned to Drs. Barber's and Patty's opinions.

**C. Credibility.**

Claimant argues that the ALJ's credibility determination is merely a boilerplate statement which does not provide sufficient reasoning to support the ALJ's determination that Claimant's testimony was "not entirely credible." Doc. 23 at 25. Further, Claimant argues that the record supports his testimony concerning his functional limitations. *Id*. at 25-26. Thus, Claimant essentially argues that the ALJ did not perform a proper credibility determination. *Id*. at 26. The Commissioner argues that the ALJ provided specific reasons in support of her credibility determination, and that her credibility determination is supported by substantial evidence. *Id*. at 26-29.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities

and ability to work. *Id*. at §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

> The ALJ summarized Claimant's testimony as follows:
>
> The claimant appeared before the undersigned and testified that he is fifty-six years old and has a tenth grade education. The claimant previously worked as a cook, but left that job because of the standing involved and went to work at a church. He was a sexton at a church and took care of the church property such as mowing the lawn, lifting approximately 30 pounds maximum. The claimant testified that the job was eliminated due to budgetary reasons and he believes he could still perform the job if it still existed. The claimant lives with a friend and is able to perform household chores such as doing dishes, vacuuming, and shopping. The claimant is able to ride a bike; he does not drive and he has never had a license. The claimant had an injury in March 2013; however, he is only taking aspirin for pain. The claimant testified that he had a transient ischemic attack (TIA) describing that when he woke up the right side of his face was numb and his right arm was numb. The claimant testified that he used to drink more alcohol but now he only consumes a couple of beers a week. The claimant gets out of the house daily and is looking for a job.
>
> The claimant testified that he does not have any limitations with sitting. He is able to stand an hour and then he needs to sit for 10 to 20 minutes. The claimant does not participate in any medical treatment and takes only over the counter Aspirin in order to "ward off TIAs." The claimant testified that he did not go to the doctor when he thought he had a TIA.

R. 27-28. The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in [her] decision." R. 28. The ALJ provided further explanation in support of her credibility determination, explaining:

> The totality of the evidence contradicts the claimant's statements that he is disabled and unable to work. The claimant's testimony is generally credible that he is able to ride a bicycle, able to lift 30 lbs, and h[e] is looking for work. His activities of daily living, and medical evidence support a residual functional capacity that would

-11-

> find him not disabled. The claimant is able to perform significant activities of daily living. The claimant lives with a friend, and is able to care for his personal hygiene, shop, perform household chores and ride a bike. All of the claimant's activities of daily living indicate that he is capable of performing work related activities.
>
> The claimant has not received any treatment for his severe impairments, other than the ER visit in March 2013. The claimant has received no follow up treatment and is not on any pain medication except for aspirin. None of the sever impairments appear to be debilitating to the extent that he could not perform his past relevant work, and the claimant testified that he lost his job as a church sexton because he was laid off, not because of any medically determinable impairment and disability. Additionally the claimant testified that he applies for jobs on a daily basis, an indication that he thinks he is able to work.

R. 30. Thus, the ALJ found that Claimant's allegations concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible" based on the following: 1) the lack of treatment for his severe impairments; 2) the nature and scope of his daily activities; 3) the fact that he worked as a sexton through a portion of the relevant period, and stopped working as a sexton because he was laid off, not because of his medically determinable impairments; and 4) his ongoing search for work. *Id*.

The foregoing excerpts reveal that the ALJ's credibility determination was not limited to the boilerplate language highlighted by Claimant. Thus, Claimant's argument challenging the sufficiency of the ALJ's credibility determination is not well-taken.

The ALJ provided several specific reasons in support of her credibility determination. R. 30. Claimant does not challenge the reasons articulated in support of the ALJ's credibility determination, but, instead, argues that the record, namely Dr. Barber's examination and opinions, support Claimant's testimony concerning his functional limitations. Doc. 23 at 25-26. The issue before the Court is not whether there is evidence to support the Claimant's testimony, but whether there is substantial evidence to support the ALJ's credibility determination. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) ("Even if we find that the evidence preponderates against

the Secretary's decision, we must affirm if the decision is supported by substantial evidence."). The reasons articulated by the ALJ in support of her credibility determination support that determination, and are supported by substantial evidence, including Claimant's testimony concerning his daily activities, his belief that he could still perform work as a sexton if the position was still available, and his ongoing search for work. This evidence is, as the ALJ found, inconsistent with Claimant's testimony concerning his limitations, including his testimony that he could only stand for one hour before needing to sit. Thus, the undersigned finds that the ALJ articulated good cause in finding Claimant's testimony "not entirely credible," and that her reasons are supported by substantial evidence. *See Foote*, 67 F.3d at 156162 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

Therefore, the undersigned **RECOMMENDS** that the Court reject Claimant's arguments challenging the ALJ's credibility determination.

### D. Past Relevant Work.

Claimant argues that the ALJ erred in finding that his work as a line cook and sexton was past relevant work, because the evidence demonstrates that Claimant did not perform those jobs at a substantial gainful activity level. Doc. 23 at 8-10. The Commissioner argues that the ALJ's determination that Claimant's work as a line cook constituted past relevant work is supported by substantial evidence. *Id*. at 10-11. The Commissioner, however, does not raise a similar defense in support of the ALJ's determination that Claimant's work as a sexton constituted past relevant work. *See id*.

A claimant is not disabled if he or she can return to his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). To qualify as past relevant work, the work must have been done: 1) within the last 15 years; 2) long enough for the claimant to learn to do it; and 3) at a

level constituting substantial gainful activity. *Id*. at §§ 404.1565(a), 416.965(a). Under the regulations, "substantial gainful activity" is "work activity that is both substantial and gainful." *See id*. at §§ 404.1572, 416.972. Substantial work activity is "work activity that involves doing significant physical or mental activities," and gainful work activity is work activity done "for pay or profit." *Id*. The regulations use earning guidelines to assist in the determination of whether a claimant's past work was substantial gainful activity. *See id*. at §§ 404.1574(b), 416.974(b). A claimant's work is presumed to be substantial gainful activity if his or her earnings exceed the average monthly income, as determined by the regulation's earning guidelines, during the year in question. *Id*. at §§ 404.1574(b)(2), 416.974(b)(2). When comparing a claimant's average monthly income to the earning guidelines, the claimant's income is generally averaged over the actual period of work involved. SSR 83-35, 1983 WL 31257, at *1-3 (1983).

The ALJ found that Claimant worked as a line cook and sexton in the past 15 years, that he performed those jobs long enough to learn them, and that he performed those jobs at a substantial gainful activity level. R. 31. Thus, the ALJ found those jobs constituted past relevant work. R. 30.

The issue on appeal focuses on whether Claimant worked as a line cook and sexton at a substantial gainful activity level. The Commissioner argues that Claimant worked as a line cook in 2004 and 2006 at a substantial gainful activity level. Doc. 23 at 10-11. The earning amounts deemed to constitute substantial gainful activity for 2004 was $810.00 per month, while 2006 was $860.00 per month. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); Social Security Administration Programs Operations Manual System (POMS), DI § 10501.015(B).[7] The record

---

[7] The Social Security Administration has promulgated the POMS as "publicly available operating instructions for processing Social Security claims." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).

reveals that Claimant performed work as a line cook in 2004 and 2006, earning a total of $12,669.54 in 2004 and $10,638.80 in 2006. R. 202-03, 218; *see* R. 266-67.[8] Thus, Claimant earned an average of $1,055.79 a month in 2004, and $886.56 a month in 2006. These earnings exceed the substantial gainful activity levels for the years at issue, and, thus, the ALJ's determination that Claimant's work as a line cook constituted past relevant work is supported by substantial evidence.

The record, however, does not support a finding that Claimant performed work as a sexton at a substantial gainful activity level. Claimant worked as a sexton between 2009 and 2014. R. 203-04. The earning amounts deemed to constitute substantial gainful activity between 2009 and 2014 started at $980.00 per month in 2009 and incrementally increased each year thereafter up to $1,070.00 per month in 2014. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii), 416.974(b)(2)(ii); POMS, DI § 10501.015(B). Thus, Claimant would have to have earned more than $11,760.00 in 2009, and even more in the following years in order for his work as a sexton to be deemed a substantial gainful activity. Claimant's annual earnings between 2009 and 2014 never exceeded $9,000.00. R. 203-04. Thus, Claimant did not perform work as a sexton at a substantial gainful activity level, a fact the Commissioner tacitly concedes by not arguing to the contrary. Thus, the ALJ's

---

[8] There are some discrepancies in the record concerning the work Claimant performed in 2004 and 2006, as some of the evidence Claimant provided concerning his work those years is inconsistent with his earning records and other evidence supplied by Claimant. *Compare* R. 202-03, 218 *with* R. 266-67. The ALJ apparently resolved these discrepancies, and found that Claimant's work as a line cook constituted past relevant work. The record contains evidence supporting this determination. Specifically, Claimant reported that he worked as a cook at several restaurants between 2004 and 2006 (R. 218), and his earning records reveal that he worked at what appear to be several restaurants in 2004 and 2006, earning at total of $12,669.54 in 2004 and $10,638.80 in 2006 (R. 202-03). Thus, the undersigned finds that the ALJ's resolution of the discrepancy concerning Claimant's work in 2004 and 2006 is supported by substantial evidence.

determination that Claimant's work as sexton constitutes past relevant work is not supported by substantial evidence.

In summary, the undersigned finds that the ALJ did not err in determining that Claimant's work as a line cook constituted past relevant work. Accordingly, it is **RECOMMENDED** that the Court reject Claimant's argument challenging the ALJ's determination concerning's Claimant's past relevant work.

### E. Hypothetical Question.

Claimant argues that the ALJ failed to pose a hypothetical question to the VE that was consistent with the ALJ's RFC determination, and, thus, she erred by relying on the VE's testimony at steps four and five of the sequential evaluation process. Doc. 23 at 21-23. The Commissioner argues that the ALJ's hypothetical question to the VE was consistent with the ALJ's RFC determination, and, thus, she properly relied on the VE's testimony at steps four and five of the sequential evaluation process. *Id*. at 23.

The ALJ did not pose a hypothetical question to the VE that was consistent with her RFC determination. *See* R. 47-50. This generally requires reversal, *see Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985), but, in this case, the undersigned finds the error to be harmless. The ALJ found that Claimant had the RFC to perform a full range of medium work without any additional limitations. R. 27. The VE testified that Claimant's past relevant work included work as a line cook, which, as the VE testified, is listed as medium work by the Dictionary of Occupational Titles (DOT). R. 47. The undersigned previously found no error with respect to these determinations. *See supra* pp. 3-16. Thus, while the ALJ did not pose a hypothetical question to the VE that was consistent with her RFC determination, this error is harmless because the VE testified that Claimant's past relevant work as a line cook is medium work according to the

DOT, which work the ALJ found Claimant capable of performing. Therefore, the ALJ's error was harmless. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("When . . . an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

In light of the foregoing, it is not necessary to consider whether the ALJ erred in determining that Claimant could perform other work in the national economy, because any such error would be harmless. *See Phillips*, 357 F.3d at 1238 ("If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled.").

Accordingly, it is **RECOMMENDED** that the Court reject Claimant's argument challenging the sufficiency of the ALJ's hypothetical question.

V.   **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 28, 2017.

/s/ Daniel C. Irick
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy